Conklin          *Per Curiam.*—The judgment is affirmed with costs.
v.
White Water      *J. S. Watts*, for the plaintiff.
Valley Ca-
nal Company.     *G. G. Dunn*, for the defendant.

<br>

### Conklin v. The White Water Valley Canal Company.

If a plea of license answers the gravamen of the declaration, proof of the
license will defeat the suit.

Where an instruction given to the jury is objected to, but the evidence
given at the trial is not contained in the record, and it does not, of itself,
appear to be objectionable, the verdict of the jury will not be set aside.

Saturday,    ERROR to the *Wayne* Circuit Court.
November 27.
Smith, J.—This was an action of trespass on the case
brought by *The White Water Valley Canal Company* against
*Conklin.* The injury complained of in the declaration
was, that the defendant illegally, wrongfully, and without
the consent of the plaintiff, dug a certain trench or tail-
race from a mill belonging to him, so as to conduct the
water from said mill into a feeder of the canal of the
plaintiff, and thereby lowered and diminished the bank
of said feeder, and left the loose earth, sand, and gra-
vel in and upon the channel and banks of said tail-
race liable to be removed and washed into said feeder,
which would not have been thus exposed if the defend-
ant had not made said tail-race; by means whereof, and
by reason of a large quantity of water running out of the
*Hagerstown* canal and into a certain stream of water run-
ning near to said mill and tail-race, and by reason of said
last-mentioned stream being greatly swollen with water,
the said last-named stream broke through the loose earth,
sand, and gravel so cut, dug, and left loose as aforesaid
along and upon said tail-race, and washed a large quan-
tity thereof into said feeder, whereby the plaintiff was

put to great trouble and expense in clearing out and re- <span style="float:right">Nov. Term, 1852.</span>
moving the obstructions to the flowage of the water
through said feeder caused thereby, &c.

Two pleas were filed upon which issues were taken.
One of these pleas is, in substance, that the grievances
complained of were done with the leave and license of
the plaintiff. The jury returned a verdict for the plain-
tiff, and a motion for a new trial was overruled.

CONKLIN
. v. .
WHITE WATER
VALLEY CA-
NAL COMPANY.

Upon the trial, the Court, after instructing the jury as
to the facts from which they might infer a license to tap
the canal-feeder with the tail-race of the mill, told them
they must bear in mind that a mere license to enter the
canal-feeder with the tail-race of the mill, either expressly
given or implied from circumstances, does not cover the
ground of complaint for leaving the loose earth, sand,
and gravel on and along the line of the tail-race, in con-
sequence of which they were washed into the canal-feeder
as alleged; that a license to dig the race and enter the
canal-feeder carried with it all the consequences necessa-
rily flowing therefrom, but if the leaving the loose earth,
sand, and gravel along the line of the race, in the man-
ner alleged in the declaration, was not a necessary con-
sequence flowing from the digging of the race, and enter-
ing the canal-feeder, then a license to dig the race and
enter the feeder would not justify the case, and under
such a state of facts they should find for the plaintiff.

We think this instruction is erroneous. The gravamen
of the declaration is for the illegal digging of the tail-
race. Consequently the issue made by the plea of leave
and license covers the whole subject of complaint, and
proof of such license defeats the suit. As no careless-
ness was averred in the declaration it was not competent
for the plaintiff, under this issue, to prove that the injury
resulted from the improper or careless manner in which
the tail-race was constructed.

The plaintiff in error also complains of an instruction
given relative to the measure of damages. That instruc-
tion was, that if the jury found for the plaintiff, the mea-
sure of damages should be the amount of damages or

injury sustained by the plaintiff immediately flowing from the acts complained of, or, in other words, the expenses necessary to clean out any dirt, sand, and gravel washed into the feeder, &c., in consequence of the wrongful acts of the defendant, injurious to the navigation and use of the feeder, with any other damages sustained by the company necessarily and unavoidably flowing from any hindrance to the navigation or use of the feeder or canal, in consequence of the defendant's wrongful acts.

The evidence given upon the trial is not set out in the record, and we cannot say, without a knowledge of the facts to which it was applied, that there is anything objectionable in this instruction.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Rariden* and *S. W. Parker*, for the plaintiff.

*J. S. Newman*, for the defendant.